UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted January 24, 2006
Decided February 1, 2006

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

KATHI COOPER, BETH HARRINGTON, and MATTHEW HILLESHEIM,
    *Plaintiffs-Appellees*,

**Nos.** 05-3882 & 06-1260  **v.**

IBM PERSONAL PENSION PLAN and IBM CORPORATION,
    *Defendants-Appellees*.

APPEAL OF:  JAMES M. LEAS

Appeals from the
United States District
Court for the Southern
District of Illinois.

No. 99 C 829
G. Patrick Murphy,
*Chief Judge*.

## Order

The final decision of the district court in this proceeding was entered on August 16, 2005, and on September 16, 2005, James Marc Leas filed a notice of appeal, which has been docketed as No. 05-3882.

That appeal is untimely. Fed. R. App. P. 4(a)(1)(A) allows 30 days for an appeal; Leas filed his notice of appeal on the 31st day.

When the deficiency was pointed out by this court's staff,

Leas asked the district court for additional time under Rule 4(a)(5)(A)(ii), which permits this step when "excusable neglect" has been established. The district court denied this motion, concluding that Leas's principal reason--his assumption that "30 days" and "one month" are the same even when the month has 31 days--is not "excusable" for a member of the bar. Leas then filed a motion for reconsideration and, when that was denied, another notice of appeal, which has been docketed as No. 06-1260.

Action on a motion under Rule 4(a)(5) is not independently appealable, as it is not a "final decision" by the district court. Instead we must decide whether this ruling, which affects the timeliness of the appeal in No. 05-3882, is an abuse of discretion. See *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). It is not; the decision is eminently reasonable, for the reasons the district judge gave.

Leas is incorrect in contending that the decision of August 16 was not "final" until the district court entered an order on October 24 informing Leas that all of his motions and requests already had been disposed of. That order did not resolve any issue, and we cannot see any question left up in the air as of August 16. Leas himself must have thought it final or he would not have filed an appeal in September.

The appeal in No. 05-3882 is dismissed for want of jurisdiction.

When the district judge denied Leas's request for reconsideration of the order denying Leas's motion under Rule 4(a)(5), he simultaneously denied two further motions: for an electronic case filing user name and password, and for recusal. Appeal No. 06-1260 presents these matters as well. The disposition of Leas's request for registration in the district court's e-filing system is not a judgment of any kind and is not appealable; it has nothing to do with the merits of any litigation. The request for recusal is untimely, as the district judge noted. Once the merits are in the hands of an appellate court, a district judge's recusal is pointless. Requests of this kind must be made before the end of the case, and by mandamus rather than appeal. See *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985).

The appeal in No. 06-1260 is dismissed for want of jurisdiction.